Nina JANIK, a single woman; Michael Van Hall; Wilbert Fifield; Susan Pistawka, a married woman; Monica Harder, a single woman; Darien Newman, a single man; Yuri Makino, a single woman, Plaintiffs–Appellants,

v.

Rick SALDATE, senior inspector city of Tucson; Glenn D'Auria, building inspector city of Tucson; Michael Rankin, Tucson City attorney; Cecelia Cruz, Department of Neighborhood Resources; David Mann, Department of Development Services; John Does, 1–10 all in their official capacities, Defendants–Appellees.

No. 05–16105.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2007.

Filed April 4, 2007.

Mitchell Craig Wallis, Esq., the Law Office of Mitchell C. Wallis, San Diego, CA, for Plaintiffs–Appellants.

Viola Romero–Wright, Esq., Tucson City Attorney, Michael Rankin, Office of the Tucson City Attorney, Tucson, AZ, for Defendants–Appellees.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

The district court granted the City of Tucson's motion to dismiss for lack

---

* This disposition is not appropriate for publica- tion and is not precedent except as provided

of subject matter jurisdiction, citing issue preclusion as the reason. This was error because "[p]reclusion, of course, is not a jurisdictional matter." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The government urges that we lack subject matter jurisdiction under the *Rooker–Feldman* doctrine; however, as the Supreme Court recently explained, that doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284, 125 S.Ct. 1517. The *Rooker–Feldman* doctrine does not apply to deprive federal courts of jurisdiction to hear federal constitutional claims against adverse parties when those claims do not involve direct challenges to state court judgments. *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1029 (9th Cir.2005). The district court had subject matter jurisdiction over this case.

■ Although the district court improperly viewed issue preclusion as a jurisdictional issue, it correctly held that issue preclusion applied to this case. Therefore, the complaint fails on its merits. *See Allen v. McCurry*, 449 U.S. 90, 95–96, 105, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (noting that federal courts must give preclusive effect under 28 U.S.C. § 1738 to state court judgments whenever the courts of the state that issued the judgment would do so); *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 716 P.2d 28, 30 (1986) (requiring a party invoking issue preclusion to show: (1) the issue was actually litigated and essential to the judgment, (2) the judgment was final, and (3) the litigant was afforded a full and fair opportunity to

litigate the issue and actually did litigate it). All issues essential to Janik's federal complaint were actually litigated and decided with finality in Tucson City Court, and the City Court judgment was final. Furthermore, Janik was not deprived a "full and fair opportunity" to litigate these issues in state court—the Tucson City Court proceedings gave her a full and fair opportunity to cross-examine witnesses, and she was also afforded an opportunity to appeal the City Court's decision.

■ Janik's takings claims are not yet ripe because she has not exhausted her state remedies. *See, e.g., Quicken Loans, Inc. v. Wood*, 449 F.3d 944, 953 (9th Cir. 2006) (requiring claimant to seek compensation from the state before bringing a takings claim); Ariz. Const. art. 2, § 17.

**AFFIRMED.**